United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Paul King, Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 21-24108-Civ-Scola |
| Canaccord Genuity and others, | ) |
| Defendants. | ) |

**Order**

This matter is before the Court on the Defendants' motions to dismiss. (ECF Nos. 44, 47.)[1] The pro se Plaintiff Paul King did not respond to the motions to dismiss, and the time to do so has passed. After careful consideration of the briefs and the relevant legal authorities, the Court **grants** the motions. (**ECF Nos. 44, 47**.)

### 1. Background

King was the founder and CEO of a cannabis-related company, Cannafornia. (ECF No. 1 at ¶ 1.) To raise money for this venture, King travelled to Canada and met with a number of investment banks and individuals. (*Id.* at ¶ 4–6.) King alleges that after obtaining financing, he believed that he owned approximately a third of Cannafornia. (*Id.* at ¶ 10.) However, King alleges that he later learned that his shares has been sold without his permission, through forgeries of his signature. (*See id.* at ¶ 15.) King seeks $4.8 million for the sale of his shares, as well as punitive damages and injunctive relief barring certain of the Defendants from participating in financing activities. (*Id.* at 4.)

Turning to the procedural history, on November 1, 2021, King filed a lawsuit in the Southern District of Florida before Chief Judge Altonaga, *Paul King v. Canaccord Genuity et al.*, Case No. 21-cv-23841 (S.D. Fla. 2021). That lawsuit named twenty-two defendants, including all of the Defendants named in the instant action except for Roman Temkin. (Case No. 21-cv-23841 at ECF No. 1.) In that complaint, as amended, King sought to recover $4.8 million in damages for the alleged fraudulent sale of his shares in Cannafornia. (*Id.* at ECF No. 9.) On November 18, 2021, that action was dismissed, *sua sponte*, for failure to state a claim and failure to allege subject-matter jurisdiction. (*Id.* at ECF No. 11.) Four days later, King filed the operative complaint before this Court.[2] (ECF No. 1.)

---

[1] The Defendant Michael King also filed a motion to dismiss, but the Court ordered the parties to file joint motions unless there is a clear conflict of position. (ECF No. 8.) Defendant Michael King's motion does not explain any "clear conflicts of position" with the other Defendants, and thus the Court strikes that motion. (ECF No. 58.)

[2] On November 9, 2021, after Chief Judge Altonaga dismissed his first complaint with leave to amend, the Plaintiff also filed a new action before Judge King, *King v. Maliza et al.*, 21-cv-23956 (S.D. Fla. 2021). This lawsuit was brought against many of the same Defendants as the

## 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In addition, where a cause of action sounds in fraud, Federal Rule of Civil Procedure 9(b) must also be satisfied. Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake," although "conditions of a person's mind," such as malice, intent, and knowledge, may be alleged generally. *See* Fed. R. Civ. P. 9(b). "The 'particularity' requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) (citations omitted). "When a plaintiff does not specifically plead the minimum elements of their allegation, it enables them to learn the complaint's bare essentials through discovery and may needlessly harm a defendant's goodwill and reputation by bringing a suit that is, at best, missing some of its core underpinnings, and, at worst, [grounded on] baseless allegations used to extract settlements." *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1313 n.24 (11th Cir. 2002). Thus, the Rule's "particularity" requirement is not satisfied by "conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud." *W. Coast Roofing*, 287 F. App'x at 86. To meet this standard, the complaint needs to identify the precise statements, documents, or misrepresentations made; the time and place of, and the persons responsible for, the alleged statements; the content and manner in which the statements

---

current suit and involved materially the same allegations. Judge King dismissed this lawsuit without prejudice for failure to state a claim. (*Id.* at ECF No. 31.)

misled the plaintiff; and what the defendant gained through the alleged fraud. *See id.*

### 3. Analysis

The Defendants argue that this case should be dismissed under res judicata, as King's previously-filed lawsuit—against the same Defendants, in the same district, regarding the same set of underlying facts—was dismissed. The doctrine of res judicata bars an action when a prior decision "(1) was rendered by a court of competent jurisdiction; (2) was a final judgment on the merits; (3) involved the same parties or their privies; and (4) involved the same causes of action." *See Taveras v. Ocwen Loan Servicing LLC*, No. 19-cv-23358, 2019 WL 6497367, at *3 (S.D. Fla. Dec. 3, 2019) (Bloom, J.) (citing *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269 (11th Cir. 2002)).

Here, these factors are met. As discussed above, the first and third factors are easily met. Moreover, as in the instant complaint, King's earlier complaint before Chief Judge Altonaga asserted claims for securities fraud and racketeering arising out of the same series of events involving the financing and alleged sale of shares in Cannafornia. (*See* No. 21-cv-23841 at ECF No. 9); *see also Trustmark*, 299 F.3d at 1269–70 ("Claims are part of the same 'cause of action' when they 'arise out of the same transaction or series of transactions.'") (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1297 (11th Cir. 2001)). Last, while King's complaint was largely dismissed due to pleading deficiencies, courts hold that a dismissal for failure to state a claim is a final adjudication on the merits for purposes of res judicata. *See Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013) ("[G]ranting defendant's motion to dismiss for plaintiff's failure to state a claim upon which relief can be granted operates as an adjudication on the merits.") (quoting *Hall v. Tower Land & Inv. Co.*, 512 F.2d 481, 483 (5th Cir. 1975)); *see also N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (holding that the granting of a motion to dismiss was a "final adjudication on the merits for *res judicata* purposes," even where it was not clear that the dismissal was with or without prejudice"). Therefore, the doctrine of res judicata applies and bars suit against the Defendants named in King's previous lawsuit.

As noted above, only one Defendant in the current suit was not a party in King's previous suit—Roman Temkin.[3] It is a "longstanding and deep-rooted principle of American law that a party cannot be bound by a judgment in a

---

[3] King also brings claims against "Cannafornia Holdings CA, a Canadian Corporation"; it appears that this entity was not a named party in King's previous lawsuit. However, as the Defendants explain, there is no such entity by that name. (ECF No. 56 at 2.)

prior suit in which it was neither a party nor in privity with a party." *E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1286 (11th Cir. 2004). Temkin does not argue that he is in privity with any party in the previous suit. Nonetheless, the Court finds that King's claims against Temkin should be dismissed for failure to state a claim. King's only allegations against Temkin are that (1) Temkin was an early investor in Cannafornia and King's mother introduced him to Temkin; (2) Temkin introduced King to an investment advisor named Spiro Kletas; and (3) Temkin and others associated with him were to own a third of Cannafornia. (ECF No. 1 at 2, 3, 6.) These bare-boned allegations fail to allege any wrongdoing by Temkin. *See Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) ("[I]n a case involving multiple defendants[,] the complaint should inform each defendant of the nature of his alleged participation in the fraud.") (quoting *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994)).

### 4. Sanctions

Last, the Defendants Canaccord Genuity Corp. and Graham Saunders move for sanctions. (ECF No. 57.) While pro se litigants are not immune from sanctions, courts hesitate before ordering such sanctions. *See Woods v. I.R.S.*, 3 F.3d 403, 404 (11th Cir. 1993) (finding sanctions inappropriate against a pro se litigant, even though the court had "no doubt that this is a frivolous appeal"). The moving Defendants argue that King was on notice and warned that he could be sanctioned if he refiled his complaint. However, the quotation that the Defendants pull was a case parenthetical in support of dismissal of King's previous case. (No. 21-cv-23841 at ECF No. 11.) The previous dismissal order did not unambiguously apprise King of any possibility of sanctions should he refile. Ultimately, whether to impose sanctions is within the Court's discretion, and the Court holds that sanctions are not appropriate here. *See Rivas v. Pollack and Rosen, P.A.*, No. 19-cv-61815, 2020 WL 2763279, at *2 (S.D. Fla. Mar. 31, 2020) (Bloom, J.) ("The Court has broad discretion in fashioning an appropriate sanction, and Rule 11 does not require that sanctions automatically be imposed[.]").

### 5. Conclusion

For the reasons set out above, the Court **grants** the motions to dismiss. (**ECF Nos. 44, 47**.) As the Court grants the motions to dismiss under the doctrine of res judicata, this action is **dismissed with prejudice**, without leave to amend, against all Defendants. Moreover, the Court **denies** the moving Defendants' motion for sanctions. (**ECF No. 57**.) The Clerk is **directed** to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered**, at Miami, Florida, on January 24, 2022.

_____
Robert N. Scola, Jr.
United States District Judge